977 F.2d 583
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas SNELL, Plaintiff-Appellant,
v.
SEARS, ROEBUCK & COMPANY, a New York Corporation, Defendant-Appellee.
 No. 91-2382.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1992.
 
 Before KEITH, DAVID A. NELSON and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from a summary judgment for the defendant in a product liability action that arose from the use of an allegedly defective aluminum ladder. The district court concluded that the plaintiff's papers failed to show any genuine issue as to the existence of a defect. We agree, and we shall affirm the judgment.
 
 
 2
 * The plaintiff, Thomas Snell, sustained a serious injury to his left wrist in a fall from the ladder, which had been purchased from the defendant, Sears, Roebuck & Co. Mr. Snell sued Sears in a Michigan state court, and the case was removed to federal court on diversity grounds.
 
 
 3
 The ladder is a combination model that can be used as either a step ladder or an extension ladder. It is equipped with a two-armed "spreader bar" designed to provide stability in the step ladder configuration. The arms of the spreader bar are permanently secured to the rails of the main section of the ladder by pivots located just above the seventh step, and the arms of the bar taper in to a clamp designed to fit over the center of the seventh step of the other section. Viewed from the side, when the two sections have been joined in the step ladder configuration, the ladder resembles a capital letter "A."
 
 
 4
 Mr. Snell was using the device as a step ladder at the time of his accident, which occurred while he was installing drywall in his garage. He testified at his deposition that he was standing with both feet on the third or fourth step, facing left and holding a piece of drywall in place with his raised left hand. He was starting to reach with his right hand for a hammer that hung from his tool belt when he "had the sensation of moving away from the wall." He fell to the floor, where he found himself on top of part of the ladder. He did not remember whether the ladder was still in the "A" position.
 
 
 5
 James Race, a neighbor, was in the garage when Mr. Snell fell. He could not say that the ladder caused the fall. The only other person present at the time was Theodore Motyka, Mr. Snell's father-in-law. Mr. Motyka was facing away from the ladder when the fall occurred, and thus could not see what happened.
 
 
 6
 During pre-trial discovery a professional expert witness named Stanley Klein, who had been retained by Mr. Snell, gave a deposition in which he criticized the ladder's design in several respects. Mr. Klein acknowledged, however, that he could only speculate as to how the accident happened. He acknowledged further that the ladder complied with all industry and governmental design standards. Mr. Klein testified that the ladder would have been safer if it had been equipped with a device to lock the spreader bar in place, but he could not say whether the spreader bar had in fact came loose prior to Mr. Snell's fall. Neither could Mr. Klein give any opinion, within a reasonable degree of engineering certainty, as to how any design defect might have been the cause of the fall. Mr. Klein qualified his testimony as being subject to later performance and metallurgical testing, but no such testing was ever done.
 
 
 7
 After the close of discovery defendant Sears filed a motion for summary judgment. Sears' main contention was that Mr. Snell had failed to establish that there was a defect in the ladder's design. At oral argument on the motion Mr. Snell's lawyer presented a handwritten report in which Mr. Klein offered some new thoughts on the question. The district court (Cohn, J.) deferred a ruling on the summary judgment motion and ordered that Klein be produced for a second deposition after a typewritten version of his report had been submitted.
 
 
 8
 The theory presented by Mr. Klein in his typed report and at his second deposition was that while Mr. Snell was holding the drywall in place, he shifted his weight as he reached for his hammer. The weight shift caused the legs of the ladder to twist, in Klein's submission, and this caused the clamped end of the spreader bar to pop loose. Without the stabilization of a fastened spreader bar, the ladder fell over.
 
 
 9
 Neither Mr. Snell nor Mr. Race, the other eyewitness, said anything about the ladder twisting. Mr. Klein conducted no tests to support the thesis that a shift in weight by someone standing on the ladder would cause the ladder to twist and the spreader bar to lift up. The fact that the arms of the spreader bar tapered in toward the clamp would seem to have provided some measure of protection against twisting, but Mr. Klein made no mention of this.
 
 
 10
 Sears renewed its motion for summary judgment after Klein's second deposition. The district court granted the motion on the grounds that Mr. Snell had failed to show the existence of a specific design defect and had failed to show that any supposed defect was the proximate cause of his injuries. This appeal followed.
 
 II
 
 11
 Mr. Snell's claim rests on the contention that the ladder was negligently designed. To make out a prima facie case of design negligence, the plaintiff must show both that the device was not designed in such a way "as to eliminate any unreasonable risk of foreseeable injury," Owens v. Allis-Chalmers Corp., 414 Mich. 413, 416, 420, 428, 326 N.W.2d 372, 373, 375, 378 (1982), and that the design defect caused the injury. Bates v. R.D. Werner Co., 419 F.2d 1118, 1120 (6th Cir.1970). Conclusory and speculative allegations of a single expert witness are insufficient to defeat a motion for summary judgment where the existence of a design defect is in question. Monks v. General Electric Co., 919 F.2d 1189, 1193 (6th Cir.1990).
 
 
 12
 Reviewing the record as a whole, and applying these standards, we agree with the district court's conclusion that Mr. Snell failed to show that there was a triable issue of fact as to design negligence. There was simply no evidence upon which a jury could reasonably have concluded that the design of the ladder failed to eliminate any unreasonable risk of foreseeable injury. In his first deposition, moreover, Mr. Klein testified that the ladder complied with all applicable industry and governmental design standards. See Marietta v. Cliffs Ridge, Inc., 385 Mich. 364, 369-70, 189 N.W.2d 208, 209 (1971), which notes that the customary usage and practice of the industry is relevant evidence in determining whether the standard of reasonable care has been met.
 
 
 13
 It is true that Mr. Klein subsequently stated, in conclusory fashion, that the design of the ladder did not meet all applicable safety standards. In his second deposition, however, Mr. Klein admitted that this revised opinion was not based on any further examination or testing of the ladder. Under these circumstances, the district court was correct in ruling that the revised opinion could not be used to demonstrate the existence of a factual dispute as to whether the ladder conformed to applicable safety standards. See Reid v. Sears, Roebuck & Co., 790 F.2d 453, 460 (6th Cir.1986) ("A party may not create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts her earlier deposition testimony"); Barticheck v. Fidelity Union Bank, 680 F.Supp. 144, 147 (D.N.J.1988) ("a party should not be allowed to create issues of fact by submissions [sic] of an 'eleventh hour' affidavit which clearly contradicts her prior sworn testimony").
 
 
 14
 Mr. Klein offered several suggestions on how Sears could have improved the design of the ladder, but standing alone the failure to make such improvements does not establish design negligence. The hypothetical possibility of a better alternative design is irrelevant unless there is also evidence on the magnitude of the risk inherent in the original design and the reasonableness of the alternative design. Phillips v. Hardware Wholesalers, Inc., 762 F.2d 46, 48 (6th Cir.1985). No such evidence was offered here.
 
 
 15
 AFFIRMED.