16 F.3d 1218
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Phillip ANTONUCCI, Jr., Plaintiff-Appellant,
v.
The GOODYEAR TIRE & RUBBER COMPANY, Defendant-Appellee.
 No. 93-3135.
 United States Court of Appeals, Sixth Circuit.
 Feb. 17, 1994.
 
 Before: GUY and SILER, Circuit Judges; and CHURCHILL, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff Phillip Antonucci, Jr., challenges the district court's adverse summary judgment decision resulting in dismissal of his claim for age discrimination based on Ohio state law[1] and the Age Discrimination in Employment Act[2] (ADEA).[3] For reasons stated hereafter, we affirm the district court's decision.
 
 Background
 
 2
 Antonucci, who was born on August 14, 1929, began his employment with defendant Goodyear in 1961 or 1962. He worked there until July 31, 1991, when he began early retirement, which he elected to take on May 3, 1991. He claims he was forced to take early retirement because of age discrimination.
 
 
 3
 In 1971, he was promoted to the position of Director of Traffic, within the Materials Management Division of Goodyear. In 1988, Bob Gosset, the former Vice President of Materials Management, informed him that the positions of Director of Traffic and Director of Distribution Services would be combined, and that Antonucci would be given the combined position when the Director of Distribution Services, Mr. Phillips, retired.
 
 
 4
 In April 1991, Rick Adante replaced Gosset as Vice President of Materials Management. Shortly after Adante's arrival, Goodyear announced a special separation agreement whereby senior employees could obtain additional benefits and severance pay in exchange for early retirement. On April 13, 1991, Antonucci told Adante that he was not interested in early retirement and requested that he be given the combined positions over traffic and distribution. Goodyear admitted for purposes of its summary judgment motion that Adante replied as follows: "No, I won't give you the job because of your age. At the risk of saying the wrong thing, you'll be sixty-two this year and that's what I have to go by." About a week later, Adante told Antonucci that if he took early retirement, the traffic and distribution departments would be combined, but if he chose to forego early retirement, the divisions would remain separate.
 
 
 5
 Antonucci applied for early retirement on May 3, 1991.[4] Two weeks after Antonucci applied for early retirement, Adante announced his plans to combine the two positions. On July 25, 1991, Goodyear designated Sam Riley, who was forty-seven years old, as Director of Traffic and Distribution.
 
 
 6
 Based on Adante's discriminatory statement about his age, Antonucci claims he was forced to accept early retirement. He testified by deposition that he believed he would eventually be demoted or terminated if he stayed on. He also believed Goodyear considered him "deadwood" and a "has-been." This belief was buttressed by his allegation that Executive Vice President Prus told him that Goodyear was looking for "new blood."
 
 Discussion
 
 7
 Review of a district court's grant of summary judgment is de novo. Monks v. General Elec. Co., 919 F.2d 1189, 1192 (6th Cir.1990). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). In responding to a summary judgment motion, the non-moving party must set "forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).
 
 
 8
 First, Antonucci argues that the district court erred in concluding that there was no genuine issue of material fact as to whether he was constructively discharged. In order to be constructively discharged, working conditions must be so difficult or unpleasant that a reasonable person would feel compelled to resign. Williams v. Caterpillar Tractor Co., 770 F.2d 47, 49 (6th Cir.1985); Geisler v. Folsom, 735 F.2d 991, 996 (6th Cir.1984).
 
 
 9
 In this case, there was no evidence that Antonucci's working conditions were so difficult or unpleasant that he was forced to resign. It is undisputed that Adante never told Antonucci that he was in jeopardy of losing his job. Additionally, Antonucci admitted that Adante told him he could stay on as Director of Traffic indefinitely, and that as long as he was Director of Traffic, the two positions would not be combined. Further, he received no cuts in his salary of $120,000 per year. In sum, if Antonucci chose to stay, he would have the same benefits, salary, and job description that he enjoyed for nearly twenty years. If he chose to retire, he would gain additional benefits beyond the standard retirement package. As the district court properly concluded, neither option was unpleasant. Therefore, Antonucci's claim that he was constructively discharged is without merit.
 
 
 10
 Alternatively, Antonucci claims that he was not required to show constructive discharge as he provided direct evidence of age discrimination as evinced by Adante's discriminatory remarks. See Terbovitz v. Fiscal Court of Adair County, Ky., 825 F.2d 111, 114-15 (6th Cir.1987). The district court agreed with Antonucci to the extent that he claimed that he was not required to establish a prima facie case of age discrimination because he showed direct evidence of discrimination. Nevertheless, the district court granted summary judgment against Antonucci because he failed to show constructive discharge.
 
 
 11
 To state an ADEA claim without direct evidence of age discrimination, a plaintiff must show that: (1) he is a member of the protected class; (2) he was subjected to adverse employment action; (3) he was qualified for the particular position; and (4) he was replaced by a person outside the protected class.[5] LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 379 (6th Cir.1993); Gagne v. Northwestern Nat'l Ins. Co., 881 F.2d 309, 313 (6th Cir.1989). However, direct evidence of discrimination allows a plaintiff to proceed without meeting the requirements of a prima facie case. LaPointe, 8 F.3d at 379 (citing Ang v. Proctor & Gamble Co., 932 F.2d 540, 549 (6th Cir.1991)). Nevertheless, direct evidence of age discrimination alone is not enough to avoid summary judgment in an ADEA action. Monaco v. Fuddruckers, Inc., 1 F.3d 658, 660 (7th Cir.1993) (holding that in ADEA actions there must be proof of a causal connection between the alleged discriminatory remarks and the adverse employment decision); see also LaPointe, 8 F.3d at 382 (Batchelder, J., dissenting).
 
 
 12
 Regardless of whether [a plaintiff seeks] to make out a prima facie case under McDonnell Douglas, or ... proceed[s] on the basis of direct evidence of age discrimination, he [must] show at least that there remains a genuine issue as to the adverse employment action which he claims as the injury in [his] suit.
 
 LaPointe, 8 F.3d at 382.[6]
 
 13
 Even with direct evidence of discriminatory remarks made against him, Antonucci has no cause of action under the ADEA because there is no evidence that he suffered an adverse employment decision. A plaintiff must show evidence of his alleged injury. Here, Antonucci had no actual injury. He claims he was denied a promotion because of his age and consequently was forced to take early retirement. However, the so-called promotion was for a position that had not yet been created. It was not until after Antonucci's announced early retirement that Goodyear decided to combine the traffic and distribution departments. Thus, there was no adverse decision made against Antonucci. His position was neither threatened nor terminated. He also continued receiving the same working conditions, benefits, and salary as he had been receiving for nearly twenty years.
 
 
 14
 In sum, while Antonucci was not required to show all the elements of a prima facie case under the ADEA as he had direct evidence of age discrimination, he was required to demonstrate some injury as a result of the discriminatory remarks of Goodyear employee Adante. As his claimed injury is that he was forced to take early retirement, the district court was correct in granting summary judgment as there is no evidence that he was constructively discharged.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The Honorable James P. Churchill, Senior United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Ohio Rev.Code Ann. Secs. 4101.17, 4112.99
 
 
 [2]
 29 U.S.C. Secs. 621-634
 
 
 [3]
 Both parties agree that the state law claims are governed by the same analysis as the federal law claims under the ADEA
 
 
 [4]
 As part of the early retirement package, Antonucci was permitted to work until July 31, 1991, and receive, in addition to his retirement benefits, a lump sum payment of $130,000
 
 
 [5]
 These four factors are commonly referred to as the McDonnell Douglas test or the McDonnell Douglas factors as they were originally enunciated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)
 
 
 [6]
 In LaPointe, as the alleged injury was a forced early retirement, summary judgment was appropriate if LaPointe failed to show there was a genuine issue of material fact for trial as to his constructive discharge claim. Id. The majority opinion did not reach the question of whether proof of constructive discharge was required to avoid summary judgment, as it "reject[ed] the notion that LaPointe was not constructively discharged." Id. at 377 n. 1