EMBRY, Justice.
Lisa Marie Hayles, a minor, by her father and next friend James A. Hayles, and James A. Hayles, each filed suit against Jane Hope Johnson and John B. Johnson. Lisa sought damages for personal injuries received when she was struck by an automobile driven by defendant Jane Hope Johnson. James A. Hayles sought damages for medical expenses he incurred for treatment of Lisa’s injuries. John B. Johnson was named a defendant in each case on the theory that Jane Hope Johnson was his agent.
The actions were consolidated for trial. At the close of the plaintiffs’ cases, defendants moved for directed verdicts, the trial court reserved ruling, and at the conclusion of all the evidence granted them. Plaintiffs filed motions for new trial which were denied and this appeal ensued.
There was no evidence, or allowable inferences from it, to indicate Jane Johnson was driving in an unsafe manner or without the due care for minor pedestrians as required by Tit. 36, § 58(17), Code 1940 (§ 32-5-273, Code 1975). To the contrary, the evidence showed Jane Johnson was driving five to ten miles an hour when the six year old appellant darted into the road without warning, struck the side of the Johnson car and was injured. In such a case we are unable to say Jane Johnson did anything a reasonably prudent person would not do under the circumstances nor that she failed to do what a reasonably prudent person would have done under the circumstances. See Howell v. Roueche, 263 Ala. 83, 81 So.2d 297 (1955).
Because there was not a scintilla of evidence showing negligence, the judgment must be, and is hereby, affirmed.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.