This appeal involves the question of the legal effect of a release executed by each of the plaintiffs in favor of each of the defendants. The trial court granted a summary judgment for defendants, and plaintiffs appealed. We affirm, in part; reverse, in part; and remand.
Plaintiffs James K. Lee, Joe P. Harwell, and James A. Anderson commenced this action in the Circuit Court of Elmore County against Clark Associates Real Estate, Inc. ("Clark 
Associates"), and Insurance Company of North America ("INA"). This action involves the construction and sale of a house located in Wetumpka, and plaintiffs sought to recover damages for alleged breach of express and implied warranties, fraud, and negligence by the defendants. Plaintiffs, after this suit was filed, received $47,500 as a settlement of the claim from INA and Aetna Insurance Company, and agreed to dismiss the lawsuit with prejudice. They executed a release as to all the appellees.
The house involved in this lawsuit is located at 312 Rosebusch Court in the Blue Ridge North Subdivision in Wetumpka. Clark Associates built the house in 1976, and it remained vacant until James K. Lee and his wife purchased it in November 1978. Although Lee obtained a VA loan to finance the purchase of the house, he never lived in the house. The first person to move into the house was Tom Laile, who leased the house from Lee, the lease term beginning in December 1978.
While Laile lived in the house, he and Lee sought two arbitration hearings with the Home Owners Warranty Council, pursuant to the provisions of a homeowner's warranty policy. The house was insured through the Home Owners Warranty Corporation and INA, and the claims submitted to arbitration concerned the structural soundness of the house. Laile moved out of the house following the two arbitration hearings.
Lee sold the house to Joe Harwell in March 1981. Harwell, in deposition testimony, stated that at the time he purchased the house, he was not aware of any arbitration. Harwell also testified that he never questioned Lee about the structural soundness of the house or about whether he had had any problems with the house.
Harwell, who never lived in the house, sold it to Col. James Anderson. Anderson, in his deposition, testified that he moved into the house in July 1981 and that he never talked to Lee, Laile, or anyone at Clark Associates before purchasing the house. Anderson testified that he realized that there were problems with the house about six months after he bought it. He contacted the Home Owners Warranty Council in February or March of 1982. About the same time, he had Ron Mason, a builder, come look at the house and note the problems. Anderson negotiated with Home Owners Warranty Council for several months. Then Home Owners Warranty Corporation hired an independent consultant from Atlanta, and ultimately paid Mason $2,700 to correct the alleged structural problems.
Anderson hired an architect to look at the house in the summer of 1982. The architect had looked at the house for Lee in 1979 or 1980. Anderson testified that the 27 items involved in the original arbitration *Page 44 
were basically the same as those he found wrong with the house after he moved into it.
In April 1984, during the pendency of this action, Home Owners Warranty Corporation and INA paid the appellants $47,500, representing settlement of their claims under the "limited warranty agreement," and the plaintiffs executed a release as to all parties.
The first two paragraphs of the release state:
 "[W]e (I) do hereby release, dismiss, and forever discharge the Home Owners Warranty Council of the Wetumpka, Ala. area, The Home Owners Warranty Corporation, The Insurance Company of North America, INA Underwriters Insurance Company, and Clark Assoc. Real Estate, Inc., their successors, heirs, assigns, executors, and administrators, of and from any and all causes of action, demands, costs, loss of services, expenses, compensation, and any and all claims, 'on account of or in any way arising out of the major structural defect claim,' at 312 Rosebusch Ct., Watumpka [sic], Ala., made or to be made, now or in the future, under the Limited Warranty Home Warranty Agreement. . . .
 "It is further agreed, for the consideration aforementioned, that we (I) the undersigned will dismiss with prejudice the lawsuit known as James K. Lee, Joe P. Harwell and James A. Anderson v. Clark and Assoc. Real Estate, Inc., and Insurance Company of North America, CV-84-52, in the Circuit Court of Elmore County, Alabama. . . ." (Emphasis supplied.)
The last paragraph of the release states:
 "It is further understood that this release is not intended to release the aforesaid Clark and Assoc. Real Estate, Inc., from any possible liability [for] damages not arising out of a part of the aforesaid claim under the Home Owners Warranty Documents, exemplified [sic] but not limited to liability based on common law negligence, breach of implied warranty, or strict liability in tort."
Although the release recites that the appellants received $47,500 as a settlement and agreed to dismiss the lawsuit which is the subject matter of this appeal, with prejudice, they did not dismiss the lawsuit but appealed the trial court's order granting summary judgment based upon the provisions contained in the release.
The first issue raised is whether the trial court erred in granting the summary judgment. The plaintiffs contend that although they gave INA a total release from liability, they did not intend by executing it to totally absolve Clark Associates from liability, and that the trial court erred in granting summary judgment. We agree.
Of course, summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P.Fountain v. Phillips, 404 So.2d 614 (Ala. 1981). Summary judgment cannot be granted if a scintilla of evidence exists to support the non-movant's position. Payne v. Alabama CemeteryAss'n, Inc., 413 So.2d 1067 (Ala. 1982).
Applying these principles of law regarding summary judgment, we are of the opinion that it is not clear from the release that the plaintiffs did intend to release Clark Associates "from any and all causes of action." The release does state that in accepting the $47,500, the plaintiffs released "any and all claims, 'on account of or in any way arising out of the major structural defect claim' " in regard to the house on Rosebusch Court, which was the subject matter over which this lawsuit was brought, and agreed to "dismiss with prejudice the lawsuit known as James K. Lee, Joe P. Harwell and James A.Anderson v. Clark and Assoc. Real Estate, Inc., and InsuranceCompany of North America, CV-84-52, in the Circuit Court of Elmore County, Alabama." There is no evidence in this record which would support a judgment setting aside the release on the basis of fraud in its execution. Are plaintiffs now precluded from maintaining this particular action against Clark 
Associates? *Page 45 
 I
Because of the language used in the last paragraph of the release, that "[i]t is . . . understood that this release is not intended to release the aforesaid Clark and Assoc. Real Estate, Inc., from any possible liability for damages not arising out of a part of the aforesaid claim under the Home Owners Warranty Documents, exemplified [sic] but not limited to liability based on common law negligence, breach of implied warranty, or strict liability in tort," we believe that the plaintiffs have shown that the terms of the release are ambiguous and that the intent of the parties to the release cannot be determined, as a matter of law. Consequently, the grant of summary judgment on the basis of the release was erroneous.
Because we hold that there is a fact question presented as to whether plaintiffs reserved the right to sue Clark and Associates for liability based on "common law negligence, breach of implied warranty, or strict liability in tort," we reverse the trial court's summary judgment as to plaintiff James Lee, but we affirm the judgment as to plaintiffs Anderson and Harwell.
Lee was an original purchaser from Clark and Associates, which was the builder/vendor of the house, and if Lee can prove to the satisfaction of a factfinder that he reserved the right to sue Clark and Associates on "common law negligence, breach of implied warranty, or strict liability in tort," then he may be able to maintain an action against Clark and Associates under this Court's decisions in Cochran v. Keeton, 287 Ala. 439, 252 So.2d 313 (1971), and Sims v. Lewis, 374 So.2d 298
(Ala. 1979), but not otherwise. Consequently, the trial court erred in granting summary judgment in favor of Clark and Associates as to plaintiff Lee, under the doctrine of Cochranv. Keeton, the only theory of liability, Lee argues, on appeal, he is entitled to prove. Neither appellant argues that a reserved right to sue exists as to any other form of action.
 II
Assuming plaintiffs Anderson and Harwell reserved the right to sue Clark and Associates on a theory of implied warranty,the only theory they argue for on appeal, does such a cause of action exist in their favor? No such action would exist in this case as to them, because they were subsequent purchasers of the house. They contend that the doctrine of caveat emptor should be abolished as to subsequent purchasers of homes within a reasonable time after a house is purchased from a builder/vendor. They argue that Alabama should adopt the view, taken by a minority of states, that builders have a "duty of reasonable care" when constructing homes and that this duty extends to anyone "who may reasonably be endangered by their negligence." We refuse to adopt this minority view.
Alabama still retains the caveat emptor rule as regards the sale of used residential real estate. In Ray v. Montgomery,399 So.2d 230 (Ala. 1980), this Court stated:
 "Although we have abrogated the caveat emptor rule in sales of new residential real estate by a builder/vendor, Cochran v. Keeton, 287 Ala. 439, 252 So.2d 313 (1971), we have not extended the Cochran rule to the sale of used homes, and we are not inclined in this case to depart from a long-standing rule which provides certainty in this area of the law. A purchaser may protect himself by express agreement in the deed or contract for sale. [Druid Homes, Inc. v. Cooper,] 272 Ala. [415] at 417, 131 So.2d 884."
399 So.2d at 233. See also, Cooper Co. v. Bryant,440 So.2d 1016 (Ala. 1983); Wells v. Clowers Construction Co.,476 So.2d 105 (Ala. 1985). We are not inclined to depart from the longstanding rule that the doctrine of caveat emptor applies to subsequent purchasers of a house. Plaintiffs Anderson and Harwell, therefore, have no cause of action under the last paragraph of the release, under any theory.
 III
Clark and Associates contends that, even assuming a cause of action was reserved *Page 46 
by any of the plaintiffs, any cause of action was barred by the statute of limitations.
Suffice it to say that this Court, in the case of Sims v.Lewis, 374 So.2d 298 (Ala. 1979), addressed specifically the question of how long a time period the plaintiff had in which to file an action against a builder/vendor for breach of the implied warranty imposed by Cochran v. Keeton. The record before us does not show, as a matter of law, that plaintiff Lee would be barred from maintaining any action against Clark and Associates. The principles of law set out in that case are adequate to guide the trial court in ruling on this defensive issue.
 IV
Based on the foregoing, we hold that the judgment of the trial court is due to be affirmed, in part; reversed, in part; and remanded.
AFFIRMED, IN PART; REVERSED, IN PART; AND REMANDED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.