The plaintiffs, Roy Tinsley and Gloria J. Tinsley, appeal from a summary judgment in favor of the defendant, John A. Henderson. As the personal representatives of the estate of their deceased son, Timothy B. Tinsley, the Tinsleys brought an action alleging that Henderson negligently and wantonly caused the death of their son when Henderson's pickup truck collided with a bicycle ridden by Timothy. The issue is whether the Tinsleys submitted substantial evidence of Henderson's alleged negligence or wantonness.
Henderson and his wife were the only witnesses to the accident. On July 5, 1989, between 7:00 and 7:15 p.m. Henderson and his wife were travelling south on County Road 23 in Chambers County. County Road 23 is two-laned and paved. The sky was clear, and it was still daylight. County Road 40, a dirt road, runs east and west and intersects County Road 23, which runs north and south. At the intersection of County Roads 23 and 40, Timothy rode out in front of the Hendersons' pickup truck on his bicycle and was struck by the left front portion of the truck. Timothy died from injuries caused by the collision.
Henderson and his wife lived within several miles of the scene of the accident, and Henderson was familiar with the intersection. No traffic signal, stop sign, or other warning sign marked the intersection of County Roads 23 and 40. In his deposition, Henderson said that shortly before the accident he checked his speedometer and saw that he was driving 50 miles per hour. Later in the deposition, Henderson added that he braked after he saw Timothy on his bicycle and that he was travelling 45 miles per hour at the time of impact. The evidence *Page 1270 
does not indicate that Henderson was at any time exceeding the speed limit.
In his deposition, Henderson stated that he did not see Timothy until his pickup truck was about to enter the intersection. An embankment, some trees, and some tall grass on the eastern side of County Road 23 obstructed any view that Henderson otherwise might have had of Timothy as he approached the intersection. Henderson testified that he saw Timothy "humped over" his bicycle and that he appeared to be pedaling as fast as he could. Although Henderson's deposition does not explicitly indicate in what direction Timothy was traveling, it appears from the circumstances of the case that the boy was traveling west on County Road 40 toward County Road 23. On the factual question of when he first saw Timothy, Henderson's deposition testimony varies somewhat. Early in his deposition, he testified as follows:
 "Q. Immediately prior to the accident what, if anything, did you see before the impact?
 "A. I didn't see anything until the boy run in front of me.
 "Q. All right. Now, did he run in front of you or did he ride a bicycle in front of you?
"A. Rode a bicycle."
Later in the same deposition, however, Henderson stated:
"Q. Now, when did you first see the kid?
"A. Right at the edge of the road.
 "Q. Okay. At the edge of the road? Did you see him — when you say the edge of the road, you're talking about —
"A. Just before the blacktop.
"Q. — Just before you get on the blacktop?
 Approximately how far was he from the blacktop?
"A. About two foot.
 "Q. About two feet? All right. And you did not see him at any time prior to that?
"A. No."
Henderson stated that, once he saw Timothy on his bicycle at the edge of the pavement, he braked hard, hit the boy and skidded onto the left shoulder of County Road 23.
In January 1990 the Tinsleys filed a complaint against Henderson, alleging that he had negligently or wantonly caused the death of their son Timothy. In June 1990 the Tinsleys amended their complaint to include negligence claims against Chambers County, Alabama, and "the Chambers County, Alabama Highway Department." Based on the pleadings, the depositions of the Tinsleys and Henderson, and interrogatories answered by Henderson, Henderson filed a motion for summary judgment pursuant to Rule 56, Ala.R.Civ.P. In opposition to Henderson's motion, the Tinsleys filed a response, relying on the same depositions, as well as their own affidavits and the affidavit of Hubert Motley. After a hearing, the trial court granted Henderson's motion, holding that the Tinsleys had not produced substantial evidence of any negligence or wantonness on the part of Henderson. Making an express determination that there was no just reason for delay, the trial judge directed the entry of a final judgment in favor of Henderson, pursuant to Rule 54(b), Ala.R.Civ.P.
A summary judgment under Rule 56, Ala.R.Civ.P., is proper only when the trial court determines that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. See Lee v. Clark Assocs. RealEstate, Inc., 512 So.2d 42, 44 (Ala. 1987); George v. FederalLand Bank of Jackson, 501 So.2d 432, 434 (Ala. 1986); Silk v.Merrill Lynch, Pierce, Fenner Smith, Inc., 437 So.2d 112, 114
(Ala. 1983). "On motion for summary judgment, when the movant makes a prima facie showing that no genuine issue of material fact exists, the burden shifts to the non-movant to show 'substantial evidence' in support of his position." Bean v.Craig, 557 So.2d 1249, 1252 (Ala. 1990). The trial court considers the evidence in the light most favorable to the nonmovant and resolves all reasonable *Page 1271 
doubts against the moving party. Specialty Container Mfg., Inc.v. Rusken Packaging, Inc., 572 So.2d 403, 404 (Ala. 1990). Section 12-21-12, Ala. Code 1975, requires proof by "substantial evidence" in order to "submit an issue of fact to the trier of facts." Section 12-21-12(d) defines "substantial evidence" as
 "evidence of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions as to the existence of the fact sought to be proven."
This Court has construed this definition to mean "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989); see also Brooks v. Colonial Chevrolet-Buick, Inc.,579 So.2d 1328, 1330 (Ala. 1991); Thomas v. Principal Financial Group,566 So.2d 735, 738 (Ala. 1990), cert. denied, ___ U.S. ___,112 S.Ct. 649, 116. L.Ed.2d 666 (1991). "Speculation and conclusory allegations are insufficient to create a genuine issue of material fact." Brooks, 579 So.2d at 1330.
As they phrase it in their brief, the Tinsleys assert that they have submitted evidence of such weight and quality that fair-minded persons "might reach different conclusions as to the negligence or wantonness of the Appellee, John A. Henderson." First, they argue that there is a dispute about exactly how fast Henderson was travelling both immediately before and at the time of impact. Second, they argue that there is also a dispute about when Henderson first saw Timothy on his bicycle.
We hold that the Tinsleys failed to meet their burden of submitting substantial evidence to prove that Henderson breached a duty of care. The Tinsleys presented no evidence showing wantonness. Furthermore, on the claim of negligence, they failed to present substantial evidence that Henderson did anything a reasonable, prudent person would not do or that he failed to do something that a reasonable, prudent person would have done. See Hayles v. Johnson, 366 So.2d 260 (Ala. 1978) (child struck after darting out into road); Howell v. Roueche,263 Ala. 83, 81 So.2d 297 (1955) (pedestrian child struck by automobile in parking lot).
In asserting that they presented genuine issues of material fact, the Tinsleys merely point to minor ambiguities and inconsistencies in Henderson's deposition testimony. They did not present any physical evidence or any expert testimony reconstructing the accident from the truck's skid marks or other circumstances of the collision. Although the record includes photocopies of some photographs of the intersection and of Mr. Henderson's truck, there is no argument that anything in these photographs provides evidence of negligence by Mr. Henderson.
Their arguments about Henderson's speed and when he first could see Timothy do not demonstrate genuine issues of material fact. First, the Tinsleys failed to produce substantial evidence that Henderson was travelling at a rate of speed that would constitute negligence or wantonness. Henderson stated that he was driving 50 miles per hour before he reached the intersection and that at the time of impact his speed had slowed to 45 miles per hour. Even assuming this to be an inconsistency, as the Tinsleys argue, it does not suggest that Henderson was travelling at an excessive or unreasonable speed.
Second, the Tinsleys also failed to submit substantial evidence that Henderson saw or could have seen Timothy in time to avoid hitting him. The Tinsleys argue that a genuine issue of fact exists because at one point in Henderson's deposition he states that he first saw Timothy in the middle of the road, while at a later point he testifies that he first saw the boy two feet from the pavement. Even if the Tinsleys established that Henderson first saw Timothy two feet from County Road 23, we still would conclude that they had not submitted enough evidence for a fair-minded person reasonably to infer negligence or wantonness. In his deposition Henderson *Page 1272 
states that when he first saw Timothy the boy was on his bicycle pedaling fast toward County Road 23. The evidence indicates that because of the embankment, the trees, and the tall grass, Henderson was unable to see Timothy until the pickup truck was virtually in the intersection. There was no evidence to the contrary, and this failure of proof is underscored by the absence of any expert testimony or physical evidence other than the photographs. The Tinsleys simply did not produce enough evidence to permit the inference that in these circumstances Henderson could have prevented the accident with the exercise of due care and that he negligently or wantonly failed to exercise such care.
This case is analogous to cases decided by this Court involving injuries to youthful pedestrians who dart out in front of moving automobiles. See, e.g., Hayles v. Johnson,supra; Howell v. Roueche, supra. In Howell v. Roueche, this Court reversed a judgment holding a defendant liable for injuries suffered by a child who was struck by the defendant's automobile in a parking lot. The defendant in Howell was driving slowly between lines of parked cars in a bank's parking lot, as he moved behind a line of cars trying to get to a drive-through teller window. A bystander shouted "stop, a child." The defendant braked immediately, but the defendant's bumper hit a four-year-old child. The defendant never saw the child, even though he was looking ahead in all directions as he proceeded through the parking lot. This Court reversed the judgment for the plaintiff, holding that it was error to deny the defendant's request for an affirmative charge. The Court stated:
 "From the evidence we are unable to say that the appellant did anything that a reasonably prudent man would not do under the circumstances and we cannot say that he failed to do what a reasonably prudent man should have done under the circumstances."
Howell, 263 Ala. at 87, 81 So.2d at 302.
In Hayles, supra, this Court affirmed a judgment based on a directed verdict in favor of the defendant. The evidence showed that the defendant, who was driving 5 to 10 miles an hour, struck a 6-year-old child who had darted out into the road. Citing Howell, this Court held that the plaintiffs had failed to prove any negligence on the part of the defendant. This case is like Hayles and Howell; the Tinsleys failed to submit substantial evidence of any negligence or wantonness. Therefore, the judgment is affirmed.
AFFIRMED.
HORNSBY, C. J., and ADAMS, STEAGALL and INGRAM, JJ., concur.