ON APPLICATION FOR REHEARING
This court's original opinion, dated March 17, 1995, is withdrawn, and the following is substituted therefor:
This case involves an appeal from a summary judgment.
In August 1991, Jeffrey Bryant Kirk, while operating a motorcycle on the public streets of Birmingham, was in an accident with an automobile operated by Dennis Lee Griffin. Kirk and Griffin were both driving in the same direction on 21st Street South, a one-way street, when Kirk's motorcycle struck Griffin's automobile in the driver's side. Kirk contends that Griffin, in an effort to make a left turn onto 9th Avenue South, turned across Kirk's lane in front of him, thereby causing the accident. Sherry A. Griffin owned the vehicle driven by Dennis Griffin, which was insured by State Farm Mutual Automobile Insurance Company, Inc. "State Farm". In 1993, Kirk sued the Griffins and others for damages based on personal injury and property damage. Kirk alleged negligence and/or wantonness on the part of Dennis and negligent entrustment on the *Page 1380 
part of Sherry. A claim against Kirk by State Farm, as subrogee of Sherry, was ultimately consolidated with Kirk's claim against the Griffins. The Griffins answered with a general denial and with defenses of contributory negligence and the sudden emergency doctrine. In March 1994, the Griffins filed a motion for summary judgment, with supporting affidavits of Dennis Griffin and Joseph Maddry, an eyewitness, and the deposition testimony of Kirk. Kirk filed a response, with a supporting affidavit from his expert witness.
Following hearings, the trial court entered a summary judgment in favor of the Griffins and made that judgment final pursuant to Rule 54(b), Ala.R.Civ.P. The court denied Kirk's post-judgment motion, and he appealed.
The Griffins maintain that this court does not have subject matter jurisdiction over this appeal because, they say, the amount of damages claimed by Kirk exceeds the $10,000 jurisdictional limit of this court at the time the appeal was filed. We note that, effective January 1, 1995, which was after this appeal was filed, the jurisdictional limit of this court was raised to $50,000. Prior to January 1, 1995, this court had exclusive appellate jurisdiction of all civil cases where the amount involved did not exceed $10,000. § 12-3-10, Ala. Code 1975. "Where there is a recovery in the court below of any amount other than costs, the amount of such recovery shall be deemed to be the amount involved; otherwise, the amount claimed shall be deemed to be the amount involved. . . ." Id. We note that on the notice of appeal form, Kirk specifically elected to appeal to this court and intentionally chose to indicate "no designated amount," rather than indicating his claim to be in excess of $10,000. While it is impossible to determine with any certainty the exact amount involved in this controversy, viewing the totality of the language employed by Kirk in his claim and appeal, it appears that the amount involved is less than $10,000, and that appellate jurisdiction in this court is proper.
Kirk contends that the trial court erred in entering the summary judgment because Kirk, who claims to have suffered memory loss, had requested a continuance for further discovery; because the case involved issues of negligence, proximate cause, and contributory negligence, all of which, Kirk argues, are in the province of a jury; and because Kirk's expert based his opinion upon photographs and an accident report, which could have been introduced into evidence. We recognize that the complaint included a claim against Sherry for negligent entrustment, as well as a claim against Jeffrey for negligence. However, no arguments were made in the Griffins's motion for summary judgment or on appeal regarding the claim for negligent entrustment. Therefore, we do not address the issue of negligent entrustment on appeal.
Although no motion for a continuance appears of record, apparently, an oral motion was made following a hearing on the Griffins's motion for summary judgment and on the Griffins's objection to Kirk's affidavit in opposition thereof. Kirk contends that in view of his loss of memory, which he alleges results from injuries he received in the accident, exceptional circumstances existed that should bar the entry of a summary judgment before further discovery is completed.
The law is clear that the "mere pendency of discovery does not bar summary judgment." Reeves v. Porter, 521 So.2d 963, 965
(Ala. 1988). If, however, it can be ascertained that discovery is crucial to the nonmoving party's case, then it is error for the trial court to enter a summary judgment before the discovery has been completed. Reeves, supra. Furthermore, Kirk, as the nonmoving party, had the burden of establishing that further discovery was crucial. Hope v. Brannan, 557 So.2d 1208
(Ala.Civ.App. 1989). Kirk raised for the first time in his post-judgment motion the allegation that he suffered a memory loss as a result of the accident.
Kirk submitted the affidavit of his expert witness in opposition to the motion for summary judgment. Additionally, the record reveals that the parties conducted discovery from August 1993 until the hearing in April 1994. Given the amount of time that had passed for discovery to be conducted and the fact that Kirk was able to get an affidavit *Page 1381 
from his expert witness, we find no abuse of discretion by the trial court in denying Kirk's motion for a continuance. He did not satisfy his burden of showing that further discovery was crucial.
Next, we address the issue of whether the summary judgment was proper in this case. In reviewing a summary judgment, this court applies the same standard used by the trial court.Southern Guaranty Ins. Co. v. First Alabama Bank, 540 So.2d 732
(Ala. 1989). A summary judgment is proper only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c)(2), Ala.R.Civ.P.
"On a motion for summary judgment, the trial court is required to view the evidence, and all reasonable inferences available therefrom, in the light most favorable to the nonmoving party." Hill v. Toyota Motor Corp., 585 So.2d 19
(Ala. 1991).
Viewing the evidence most favorably to Kirk, we conclude that the affidavit of Kirk's expert witness provided substantial evidence in opposition to the motion for summary judgment.
The Griffins argue that the expert's affidavit is not admissible because it was not based on personal knowledge and was based substantially on facts not in evidence. An affidavit supporting or opposing a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Rule 56(e), Ala.R.Civ.P.
In his affidavit, the plaintiff's expert stated that he based his opinion on photographs, the police report, the affidavits of Dennis Griffin and a witness, portions of the plaintiff's deposition, and the plaintiff's answers to interrogatories, as well as on his personal knowledge of the capabilities in the steering geometry of a vehicle. Clearly, this expert's affidavit meets the requirements of Rule 56(e). It is based on his personal knowledge; it alleges facts that would be admissible in evidence, upon which he bases his opinion; and it shows that he is competent to testify as to the matters contained in the affidavit.
The testimony of the plaintiff's expert that the defendant could not have been driving in the manner he claims he was, is clearly sufficient to create a genuine issue of material fact. In his affidavit, the expert stated:
 "Based upon the review of this material, my training and experience, it is my opinion that in order for the Chevrolet Celebrity to be positioned as it is shown in the photos and on the police report, that vehicle would have had to turn left from the right hand lane of 21st Street. It would be impossible for that vehicle to turn sharply enough from the left hand lane to be in that position. Further, I have examined the marks left in the roadway by the motorcycle. These marks are evident in the police photos. Based upon the lengths of the marks, and their positions on the roadway, it is my opinion that the motorcycle involved in this collision is traveling at a reasonable rate of speed, most probably within the speed limit. Further, the motorcycle was clearly traveling in the left hand traffic lane."
(C.R. 55.)
In Alabama, expert opinion evidence as to the point of impact of a collision is clearly admissible, so long as the expert details the facts upon which his conclusion is based. Dyer v.Traeger, 357 So.2d 328 (Ala. 1978).
However, we note that even if the expert's affidavit were found not to be admissible, the record reveals substantial evidence of a genuine issue of material fact in order to defeat summary judgment.
The fact that the point of impact was the driver's side panel of the defendant's automobile in itself creates a factual question, because it tends to support the plaintiffs contention that the defendant turned in front of him. The vehicles were traveling in the same direction on 21st Street South. For Kirk's motorcycle to have impacted on Griffin's driver's side, Griffin's automobile would have to have been turning left, across Kirk's lane of traffic, at the time of impact. Additionally, *Page 1382 
the defendant's testimony that he did not see the plaintiff before the wreck creates a factual question about whether the defendant was negligent in failing to keep a proper lookout before making a lane change. The plaintiff's testimony that he did not see the defendant before the impact creates a factual question about whether the defendant was actually in the lane ahead of the plaintiff as the defendant claimed, or had just turned in front of him, as the plaintiff claimed.
Summary judgments are rarely appropriate in cases involving issues of proximate cause, negligence, and contributory negligence. See Osmer v. Belshe Industries, Inc., 585 So.2d 791
(Ala. 1991). Nothing in the record indicates that this is one of those rare cases where a summary judgment should be entered in a negligence case. Looking at the evidence in the light most favorable to the nonmovant, we find it clear that there was sufficient evidence to defeat the summary judgment motion. There is clearly a genuine issue of material fact as to who caused the accident.
The judgment is reversed, and this cause is remanded to the circuit court for proceedings consistent with this opinion.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
THIGPEN, J., dissents.