Myrtle Mainor sued Hayneville Telephone Company and Heather Wood, seeking to recover compensatory damages based on harm she claims to have incurred in an automobile accident. She also sought punitive damages. In her complaint, Mainor alleged that Wood, individually and as an agent for Hayneville Telephone, had negligently or wantonly caused an automobile accident and that Hayneville Telephone had negligently entrusted its automobile to Wood. A jury returned a verdict in favor of Wood and Hayneville Telephone, and the trial court entered a judgment on that verdict. Mainor appealed to the Alabama Supreme Court, which transferred the case to this court pursuant to § 12-2-7(6), Ala. Code 1975.
Mainor contends that the trial court erred in admitting into evidence certified copies of four Alabama Uniform Accident Reports. One of the reports concerned the accident at issue; the other three concerned prior accidents involving Mainor. The accident reports were admitted over Mainor's objections.
Both at trial and on appeal, Mainor argued that the admission of the accident reports violated § 32-10-11, Ala. Code 1975, which provides that police accident reports are inadmissible in any civil or criminal trial arising out of an accident. The statute provides:
 "All accident reports made by persons involved in accidents or by garages shall be without prejudice to the individual so reporting and shall be for the confidential use of the director or of other state agencies having use for the records for accident prevention purposes; except, that the director may disclose the identity of a person involved in an accident when such identity is not otherwise known or when such person denies his presence at such accident. No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident; except that the department shall furnish upon demand of any person who has, or claims to have made such a report, or upon demand of any court, a certificate showing that a specified accident report has or has not been made to the director solely to prove compliance or a failure to comply with the requirement that such a report be made to the director."
§ 32-10-11, Ala. Code 1975 (emphasis added).
In their brief to this court, Wood and Hayneville Telephone cite Rule 101, Ala. R. Evid., which provides that the recently adopted Rules of Evidence govern proceedings in the courts of Alabama. That rule, they argue, shows that "the clear and unambiguous intent of the Alabama Supreme *Page 802 
Court in promulgating the Alabama Rules of Evidence is that the Rules shall be deemed, for all purposes, to have superseded any prior cases or statutes which are in conflict, in any way, directly or indirectly," with the Rules of Evidence. However, the Rules of Evidence themselves tell us otherwise.
Rule 402, Ala. R. Evid., provides in pertinent part that, "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States or that of the State of Alabama, by statute, by these rules, or by other rules applicable in the courts of this State." In his bookGamble's Alabama Rules of Evidence, § 402 (1995), Dean Gamble cites § 32-10-11 as an example of a statute that specifically excludes evidence that would otherwise be admissible.
Section 32-10-11 provides that no Alabama Uniform Accident Report shall be used as evidence in any civil or criminal trial arising out of an accident. The statute does not allow for an exception that would be applicable in this case. Therefore, we hold that the trial court erred in admitting the police accident reports. Any discussion as to whether the reports would be admissible under the "public records" exception of the hearsay rule is irrelevant.
Because the trial court erred in admitting the four accident reports at issue, the judgment is reversed and the cause is remanded for a new trial consistent with this opinion.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES and THOMPSON, JJ., concur.
CRAWLEY, J., dissents.