Five-year-old Charles Richard Stevens III, acting through Tracie Suire, his mother and next friend, sued Thomas Carter Stanford, alleging that Stanford had negligently operated a motor vehicle that struck Stevens while Stevens was riding a bicycle. Stanford answered, denying any negligence on his part; he later moved for a summary judgment. The motion was supported by a brief as well as by the deposition testimony of Stanford and his wife, Annie Ruth Stanford.
Stevens filed a response in opposition to the motion, supported by the deposition testimony of Mr. and Mrs. Stanford, the deposition testimony of Tracy Suire, Stevens's mother, Stanford's answers to interrogatories, a videotape and photographs of the accident scene, and an accident report prepared by Summerdale police officers Ted A. Stone and D.R. Riebeling. Three months later, immediately before oral argument on the summary-judgment motion, Stevens sought leave to file additional material in opposition to the motion, namely the affidavit of James D. Anderson, Jr., an accident-reconstruction expert.
Stanford moved to strike Anderson's affidavit, on the grounds that it was not based on personal knowledge, that it was not supported by valid scientific information, and that its conclusions were the result of speculation and conjecture.
The trial court granted the motion to strike the affidavit and entered a summary judgment for Stanford. Stevens appealed to the Alabama Supreme Court; the supreme court transferred the case to this court pursuant to § 12-2-7(6), Ala. Code 1975.
The Propriety of Striking the Affidavit of Stevens's ExpertWitness
The trial court did not err by striking Anderson's affidavit. An affidavit supporting or opposing a motion for a summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Rule 56(e), Ala.R.Civ.P. "In Alabama, expert opinion evidence as to the point of impact of a collision is clearly admissible, so long as the expert details thefacts upon which his conclusion is based. Dyer v. Traeger,357 So.2d 328 (Ala. 1978)." Kirk v. Griffin, 667 So.2d 1378, 1381
(Ala.Civ.App. 1995) (emphasis added).
 "[A] witness, even one qualified as an expert, must have a factual basis for an opinion. Although any challenge to the adequacy of the factual basis for an expert's opinion normally goes to the weight rather than to the admissibility of the evidence, if the facts relied on *Page 851 
by the witness clearly are insufficient to support an opinion, then the challenge may go even to the admissibility of the opinion. Morris v. Young, 585 So.2d 1374 (Ala. 1991); Alabama Power Co. v. Robinson, 447 So.2d 148 (Ala. 1983); see also, J. Colquitt, Alabama Law of Evidence, § 7.3 (1990). A witness's testimony cannot be based on mere speculation and conjecture. Townsend v. General Motors Corp., [642 So.2d 411, 423
(Ala. 1994)]."
Ammons v. Massey-Ferguson, Inc., 663 So.2d 961, 964-65 (Ala. 1995) (Houston, J., concurring specially). When the expert's proposed testimony lacks a factual foundation and is speculative at best, it can be of no apparent help to the fact-finder. Ammonsv. Massey-Ferguson, Inc., 663 So.2d at 965.
The affidavit of Stevens's accident-reconstruction expert states:
 "My name is James D. Anderson, Jr. [I am] a professional engineer, and I am a registered professional engineer by national examination in Florida, Alabama, Georgia, and Mississippi. A copy of my current résumé is attached to this affidavit.
 "I have testified as an expert witness in the field of accident reconstruction in the Circuit Courts of Alabama. I have personal knowledge of the facts set forth below. I understand that this affidavit will be submitted to the Court in opposition to a motion for summary judgment filed by the Defendant Thomas Carter Stanford.
 "1. I have visited the scene of the accident in this case.
 "2. I have inspected the bicycle upon which Charlie Stevens was riding at the time of the accident.
 "3. I have reviewed the depositions of the parties in this case. Based upon my background, training, education, experience, and the investigation in this case, it is my opinion that the minor Plaintiff, Charles Stevens, was in the road approximately 15 to 18 seconds before the collision with the Defendant's automobile.
 "4. It is my further opinion that the minor Plaintiff, Charles Stevens, was traveling in a westerly direction at the time of the collision with the automobile, which was a head-on impact, and not a dart-out type impact, where a bicycle comes suddenly from the side of the road into the path of a car.
 "5. It is my further opinion that this impact occurred at a combined impact speed of 25 m.p.h. which is sufficient to result in serious injury. The bicycle upon which Charles Stevens was riding was struck head-on by an automobile."
The affidavit did not meet the requirements of Rule 56(e) because it did not set out the factual bases for its conclusions. The affidavit failed to explain how the expert concluded either that young Stevens was "in the road approximately 15 to 18 seconds before the collision," or that he "was travelling in a westerly direction." Compare Kirk v. Griffin, 667 So.2d at 1381 (holding that when an accident-reconstruction expert outlined "his personal knowledge of the capabilities in the steering geometry of a vehicle," as well as his examination of the position and length of marks left in the roadway by the plaintiff's motorcycle, the expert had "detail[ed] the facts upon which his conclusion [was] based").
The Admissibility of the Accident Report
The accident report prepared by Summerdale police officers Ted A. Stone and D.R. Riebeling states:
 "[Stevens] . . . came out from a yard on the south side of Jackson [on his bicycle and] then was westbound on Jackson in the eastbound lane. [The Stanford vehicle] was traveling east on Jackson. [Stanford] said that he did not see [Stevens]. [Stevens's bicycle] ran into the front of [Stanford's vehicle]. [Stevens] came off the bike and hit the hood then the top and down onto the trunk and *Page 852 
landed on the pavement behind [the Stanford vehicle]."
The accident report was inadmissible. See Mainor v. HaynevilleTelephone Co., 715 So.2d 800 (Ala.Civ.App. 1997).
In Mainor, a majority of this court held that §32-10-11, Ala. Code 1975, mandates the blanket inadmissibility of all Uniform Accident Reports. The author of this opinion disagreed with that holding. See Mainor v. Hayneville TelephoneCo., 715 So.2d at 802 (Crawley, J., dissenting). Nevertheless, it is clear that the accident report in this case was inadmissible because neither of the investigating officers was a witness to the accident and their report recounts the statements and conclusions of others.
As the author of this opinion pointed out in the dissent in Mainor, accident reports are inadmissible only if they violate the hearsay rule. See Mainor, 715 So.2d at 802 (citing C. Gamble F. James, Perspectives on the Evidence Law of Alabama: A Decadeof Evolution, 1977-1987, 40 Ala. L. Rev. 95 (1987)). The dissent concluded that the accident report in Mainor was admissible as an exception to the hearsay rule. In this case, however, the same cannot be said. The report was hearsay and did not fall within any exception to the hearsay rule; it was, therefore, inadmissible.
The Propriety of the Summary Judgment
In reviewing a summary judgment, this court applies the same standard used by the trial court. See Pryor v. Brown RootUSA, Inc., 674 So.2d 45, 47 (Ala. 1995). A summary judgment is proper only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c)(3), Ala.R.Civ.P. Stanford had the burden of making a prima facie showing that there was no genuine issue of material fact and that he was entitled to a judgment as a matter of law. See Berner v. Caldwell,543 So.2d 686, 688 (Ala. 1989).
Stanford met that burden by submitting his deposition testimony and that of his wife and passenger, Annie. The Stanfords testified that on the morning of the accident they were traveling east on Jackson Street in the correct lane of traffic; that they were going approximately 15 to 20 miles per hour, and that their vision was unobstructed; and that they suddenly heard a thump and saw young Stevens "rolling across [the] car." They said that the child rolled onto the hood, over the top of the automobile, and off the back of the vehicle onto the pavement. The Stanfords testified that neither of them saw Stevens before the impact and that they had no idea where he had come from. The Stanfords stated that the collision damage to their vehicle was located on the front of the automobile, on the passenger side, at the headlight, front bumper, and grille.
After Stanford made a prima facie showing that he had been operating his vehicle with due care and that Stevens's injuries were not caused by any negligence on his part, the burden then shifted to Stevens to present substantial evidence creating a genuine issue of material fact, in order to avoid the entry of a judgment against him. See Pryor, 683 So.2d at 47; see also §12-21-12(d), Ala. Code 1975. In determining whether the evidence created a genuine issue of material fact, this court must review the record in the light most favorable to Stevens and must resolve all reasonable doubts against Stanford. See Pryor, 683 So.2d at 47. Evidence is "substantial" if it is of "such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989).
Neither the accident report nor the affidavit of Stevens's accident-reconstruction expert, submitted in opposition to the motion for a summary judgment, set forth evidence that would be admissible at trial. *Page 853 
Furthermore, neither the videotape nor the photographs of the accident scene created an inference — much less constituted substantial evidence — that Stanford was negligent. Therefore, we must decide whether any other evidence submitted by Stevens created a genuine issue of material fact as to whether Stanford was negligent.
Stevens argues that portions of Stanford's own deposition created a question of material fact as to whether Stanford was negligent. Specifically, he contends that, Stanford's testimony that he did not see Stevens before the impact creates a genuine issue as to whether Stanford was keeping a proper lookout while driving because, Stevens points out, the pictorial evidence demonstrates that Stanford's view of the roadway was unobstructed. On the authority of Hayles v. Johnson,366 So.2d 260 (Ala. 1978), and Howell v. Roueche, 263 Ala. 83,81 So.2d 297 (1955), we reject the argument that a driver who does not, before impact, see a child whom his vehicle strikes, is negligent. The Alabama Supreme Court has characterized Hayles andHowell as "cases involving injuries to youthful pedestrians who dart out in front of moving automobiles." Tinsley v. Henderson,613 So.2d 1268, 1272 (Ala. 1993).
Stevens also argues that the location of the damage to Stanford's vehicle (on the passenger-side front of the automobile, at the headlight and grille) creates a question of fact as to whether Stanford was negligent, namely: whether Stevens darted out from the south, that is, from the side of Jackson Street, into the front of Stanford's car, or whether Stevens was in the road infront of Stanford, traveling west on Jackson Street before the collision. The fact that the collision damage to Stanford's vehicle could support either theory does not create a genuine issue of material fact as to whether Stanford was negligent. Instead, it underscores the conclusion that Stanford's alleged negligence was a matter of mere speculation and conjecture. SeeTinsley v. Henderson, supra.
In Tinsley, the parents of a child killed when the bicycle he was riding was struck by a truck driven by Henderson appealed a summary judgment in favor of the Hendersons. As in the present case, the only eyewitness testimony submitted on the motion for a summary judgment was that of the driver of the motor vehicle and his wife. The driver testified that at the time of the accident he was observing the speed limit; that he did not see the child on the bicycle until immediately before the collision; that he applied his brakes as soon as he saw the child; but that it was too late to avoid the impact. The damage to the truck inTinsley was, as in this case, on the front passenger side of the vehicle. The plaintiffs in Tinsley "did not present any physical evidence or any expert testimony reconstructing the accident from the truck's skid marks or other circumstances of the collision." 613 So.2d at 1271.
The Alabama Supreme Court held:
 "We hold that the Tinsleys failed to meet their burden of submitting substantial evidence to prove that Henderson breached a duty of care. . . . [O]n the claim of negligence, they failed to present substantial evidence that Henderson did anything a reasonable, prudent person would not do or that he failed to do something that a reasonable, prudent person would have done."
613 So.2d at 1271. The court concluded:
 "The Tinsleys simply did not produce enough evidence to permit the inference that in these circumstances Henderson could have prevented the accident with the exercise of due care and that he negligently or wantonly failed to exercise such care."
613 So.2d at 1272. This case is virtually identical to Tinsley. Stevens failed to submit substantial evidence of any negligence on Stanford's part. The judgment of the Baldwin Circuit Court is, therefore, affirmed.
AFFIRMED. *Page 854 
Thompson, J., concurs.
Robertson, P.J., and Yates and Monroe, JJ., concur in the result.