**AMERICAN CONCEPT INSURANCE CO., Plaintiffs and Respondents,**

v.

**Paul and Penny LOCHHEAD, Defendants and Appellants.**

No. 860350–CA.

Court of Appeals of Utah.

March 15, 1988.

---

Robert H. Wilde, Midvale, for defendants and appellants.

Dennis C. Ferguson, Salt Lake City, for plaintiffs and respondents.

Before BENCH, BILLINGS and GREENWOOD, JJ.

## OPINION

GREENWOOD, Judge:

Appellants Paul and Penny Lochhead (the Lochheads) seek to reverse a summary judgment in order to proceed against American Concept Insurance Company (American Concept) on a counterclaim which alleges breach of the duty to deal fairly and in good faith, and seeks consequential damages for intentional damage to Mr. Lochhead's business relationships and intentional infliction of emotional distress resulting in physical injury. The counterclaim is based upon American Concept's failure to pay an arbitration award pursuant to the terms of an insurance contract. We reverse and remand.

The Lochheads suffered fire damage to their home and personal property on October 18, 1983. American Concept was the Lochheads' insurer at the time. The parties could not agree on the amount of loss, and the matter was submitted to a panel of two arbitrators and one umpire as specified in the insurance contract. According to the contract, the arbitration award was binding if agreed to by any two of the three panel members. The panel issued three arbitration awards: one for the structure, one for additional living expenses, and one for personal property. American Concept paid all awards except the personal property award.

American Concept then filed an action in district court seeking to have the personal property award vacated or modified under Utah Code Ann. §§ 78–31a–16 and 78–31a–17 (1977) because of alleged fraud or mistake. American Concept alleged that its arbitrator's signature on the personal property award had been improperly obtained.

The affidavit of American Concept's arbitrator, attached to the complaint, stated that the personal property award was higher than the actual arbitrated amount. He claimed it was signed by him only as an accommodation to the Lochheads for income tax purposes, with the understanding that the lesser amount would be paid by American Concept. The Lochheads filed an amended answer to American Concept's complaint to include a counterclaim for damages arising from American Concept's failure to pay the arbitration award. Judge Conder bifurcated the case, first hearing arguments concerning the validity of the arbitration award. The court concluded that the arbitration award was presumptively proper on its face and was not obtained by fraud. Judgment was entered for the Lochheads, and American Concept paid the Lochheads the personal property award. American Concept then submitted a motion for summary judgment in its favor on the Lochheads' counterclaim, based only on the record and the testimony of their arbitrator during the trial. American Concept argued that pursuant to the decision of the Utah Supreme Court in *Beck v. Farmers Insurance Exchange*, 701 P.2d 795 (Utah 1985), defendants had to establish that American Concept had refused to pay the full arbitration award and filed suit without any just cause or excuse. It further contended that the proceedings in the first portion of the case established that there was a bona fide dispute as to the amount of the award, thus precluding a finding of "bad faith." The Lochheads submitted an affidavit of Milton Beck, a licensed public insurance adjuster, in opposition to the motion. Judge Moffat, who was subsequently assigned the case, granted the motion.

At a hearing on the Lochheads' request for reconsideration, Judge Moffat stated that he had granted the motion for summary judgment on the basis of the record and the insufficiency of the affidavit submitted by the Lochheads to create any material issues of fact. Judge Moffat reaffirmed the summary judgment. This appeal followed.

The Lochheads contend on appeal that the summary judgment was improperly granted because Mr. Beck's affidavit in opposition to the motion created a material issue of fact as to whether American Concept breached its obligation of good faith and fair dealing.

■ On appeal from the granting of a motion for summary judgment, we review the facts in a light most favorable to the party opposing the summary judgment. As stated in *Webster v. Sill*, 675 P.2d 1170, 1172 (Utah 1983), "[d]oubts or uncertainties concerning issues of fact properly presented, or the nature of inferences to be drawn from the facts, are to be construed in a light favorable to the party opposing the summary judgment." Further, the issue of breach of the duty of an insurer to act in good faith is a factual issue to be determined by a jury after consideration of all attendant circumstances and evidence. *Gagon v. State Farm Mutual Auto. Ins. Co.*, 746 P.2d 1194 (Utah Ct.App.1987). Therefore, if any material issues of fact exist on the record before us, we must reverse and remand.

■ In the instant case, the sufficiency of the affidavit presented in opposition to the summary judgment is determinative. The trial court apparently viewed the affidavit of Milton Beck as improperly conclusory and hence insufficient to raise a material issue of fact. The Beck affidavit first sets forth Mr. Beck's background and experience as a licensed property and casualty claims manager. The affidavit then states that Mr. Beck had examined the file of American Concept's adjuster and, based on that examination, opines that American Concept had no just cause for initiating the legal action and breached its duties of good faith and fair dealing.

Utah R.Evid. 704 declares that the testimony of an expert "is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Because Mr. Beck's affidavit was offered as that of an expert, it could legitimately reach conclusions on the ultimate issues of lack of good faith and fair dealing. *See Shurtleff v.*

*Jay Tuft & Co.*, 622 P.2d 1168, 1173 (Utah 1980).

 An expert affidavit must also contain a sufficient factual basis for the opinion proffered, as discussed in *Williams v. Melby*, 699 P.2d 723, 725 (Utah 1985). "An affidavit which merely reflects the affiant's unsubstantiated conclusions and which fails to state evidentiary facts is insufficient to create an issue of fact." In *Williams*, an architect's affidavit was found sufficient to raise an issue of fact as to the negligent construction of a window, where the affidavit included facts upon which his professional conclusion was based. *Id.* at 726. As in *Williams*, we find that Mr. Beck's affidavit includes both what he concluded as an expert and an adequate basis for his conclusion, his examination of the adjuster's file. Utah R.Evid. 703 provides that an expert opinion may be based on data "of a type reasonably relied upon by experts in the particular field...." Mr. Beck's affidavit complies with Rule 703 by stating that he had examined the adjuster's files and derived his expert opinion from that examination. The opinion was properly based on the examination of records and materials of a type usually relied upon by experts in his field. *See Barson v. E.R. Squibb & Sons*, 682 P.2d 832, 839 (Utah 1984).

Viewing the expert's affidavit in a light most favorable to the Lochheads, we find that it was sufficient to raise an issue of material fact as to whether American Concept breached its duty to deal fairly and in good faith. Therefore, we reverse the summary judgment and remand the matter to the trial court for further proceedings consistent with this opinion.

BENCH and BILLINGS, JJ., concur.