RUED INSURANCE, INC., Plaintiff and Appellant,

v.

BLACKBURN, NICKELS & SMITH, INC., Defendant and Appellee.

Civil No. 950204.

Supreme Court of North Dakota.

Feb. 13, 1996.

See also, 482 N.W.2d 600.

Brent J. Edison, of Zuger Kirmis & Smith, Bismarck, for plaintiff and appellant.

Barry L. Blomquist, Jr., of Blomquist & Espeset, Minneapolis, for defendant and appellee. Appearance by Michael G. Sturdevant, of Kenner Sturdevant, P.C., Minot.

VANDE WALLE, Chief Justice.

Rued Insurance, Inc. (Rued) appealed from a summary judgment dismissing its tort action for damages against Blackburn, Nickels & Smith, Inc. (BNS). We hold there is a triable issue of fact whether the negligent failure of BNS to procure insurance coverage for one of Rued's clients was a proximate cause of Rued's damages. We reverse the summary judgment dismissal of Rued's claim against BNS and remand for a trial on the merits.

We detailed the facts underlying this litigation in *Blackburn, Nickels & Smith, Inc. v. National Farmers Union Property & Casualty Co.*, 482 N.W.2d 600 (N.D.1992), and we will briefly restate only those facts necessary to an understanding of this appeal. On April 16, 1985, Scott Smith, d/b/a Smitty's Lawn Service (Smith), requested Rued to provide him with liability insurance coverage for his commercial lawn spraying business and for his vehicles. Smith gave Rued's agent a premium down payment and received a Certificate of Insurance showing that Smith had coverage with Aetna Casualty & Surety Company (Aetna) until April 1, 1986. A few days later Rued's agent contacted an Aetna underwriter, who told her Aetna would not provide commercial liability insurance for Smith because of the dangerous chemicals used in the business but that, as a courtesy to Smith, Aetna would provide temporary automobile liability insurance coverage for Smith, but not beyond June 1, 1985. Rued then submitted an application to BNS, a speciality insurance broker, requesting that BNS place insurance coverage with another carrier for Smith. However, Rued did not amend the Certificate of Insurance it had given Smith, nor did Rued give Aetna a copy of the insurance certificate or otherwise advise Aetna about the status of Smith's insurance coverage.

On October 7, 1985, one of Smith's business vehicles, while being driven by an employee, collided with another vehicle. The passengers in the other vehicle were injured and filed an action against Smith and the driver. Aetna denied coverage for the accident, and Smith then sued Rued, alleging Rued had breached its duty to procure liability insurance for Smith. As a consequence of settlement, all pending lawsuits were dismissed with prejudice except for Rued's action against BNS. That suit was dismissed without prejudice so BNS could bring a declaratory judgment action against Aetna. On appeal, this court held that Smith acquired liability insurance coverage with Aetna when Rued issued the Certificate of Insurance to Smith. We also held that Rued breached its contractual duty to keep Aetna informed about the insurance coverage issued to Smith, and, for that reason, had to indemnify Aetna for all amounts paid to Smith. *Blackburn*, 482 N.W.2d at 604–605.

Rued then sued BNS, alleging BNS negligently failed to procure insurance coverage for Smith, and sought, as damages, reimbursement of the amount Rued was required to indemnify Aetna. BNS moved for summary judgment dismissal, conceding for purposes of the motion that it had assumed a duty to procure insurance coverage for Smith and that it breached its duty. However, BNS asserted it was entitled to a dismissal of Rued's claim, because the failure to procure insurance coverage for Smith was not a proximate cause of Rued's damages. The trial court agreed, concluding, as a matter of law, that Rued's failure to keep Aetna informed about Smith's insurance coverage was the sole proximate cause of Rued's damages. The court summarily dismissed the action, and Rued appealed.

■ In its brief, BNS asserts, "Rued is estopped from denying that the sole reason it had to indemnify Aetna was because of its breach of its agency contract with Aetna." BNS argues the ultimate issue of who should bear the final responsibility for Smith's dam-

ages was resolved in the declaratory judgment action and, therefore, Rued is now estopped from litigating its negligence claim against BNS. We find BNS's assertion to be both misleading and unpersuasive. Rued initially sued BNS in negligence and, by agreement of the parties, that claim was dismissed, without prejudice, so BNS could bring a declaratory judgment action to determine potential liability of Aetna and of National Farmers Union Property and Casualty Company. During the proceedings for the declaratory judgment action, the trial court entered an order on April 15, 1991, stating in relevant part:

"That the trial of any claims by Rued Insurance, Inc. against Blackburn, Nickels & Smith, Inc. as originally asserted in Ward county Civil No. 54197 will be deferred until the completion of the trial on all other issues...."

In its ultimate resolution of the declaratory judgment action, the trial court made the following specific finding:

"Rued's claims against BNS were not litigated in this action. However, Aetna presented correspondence between Rued and BNS to support Aetna's counterclaim against BNS for contribution and indemnity. This correspondence did not establish the same degree of involvement or any involvement that would put BNS on a basis the same as Aetna or to be substituted for Aetna. There was a failure of proof to show that BNS would be liable for the coverage of Smith. *This finding is not intended by the Court to preclude litigation of the claims between Rued and BNS which are reserved for future trial.*" (Emphasis added.)

The judgment in that action also contained the following provision:

"That the claims of Plaintiff Rued Insurance, Inc. against Plaintiff Blackburn, Nickels & Smith, Inc. are reserved for a future trial."

BNS made no objections to the court's declarations that none of the issues raised in Rued's negligence claim against BNS were being litigated in the declaratory judgment action or that Rued's right to litigate those issues was reserved for the future. Nor did

BNS raise issues of estoppel or res judicata against Rued in its cross-appeal during the appellate proceedings involving the declaratory judgment action. Under these circumstances, we conclude BNS's estoppel argument is without merit.

■ Under Rule 56, N.D.R.Civ.P., summary judgment is appropriate if, viewing the evidence in the light most favorable to the party opposing the motion and giving that party the benefit of all favorable inferences which can reasonably be drawn from the evidence, there is no genuine dispute as to either the material facts or the inferences to be drawn from undisputed facts, or if only a question of law is involved. *Stewart v. Ryan,* 520 N.W.2d 39 (N.D.1994).

■ Rued asserts on appeal that proximate cause is a question of fact for the jury and, therefore, the trial court erred in granting a summary judgment dismissal without a trial on the merits. Rued asserts BNS negligently failed to procure insurance coverage for one of Rued's clients and, as a consequence, Rued was damaged. BNS responds that Smith did have coverage through Aetna and that Rued's damages in having to indemnify Aetna were proximately caused by Rued's failure to keep Aetna informed about the coverage.

■ It is "hornbook law" that to sustain an action for negligence, the defendant's negligent act must be a proximate cause of the damages incurred by the plaintiff. *E.g., Moum v. Maercklein,* 201 N.W.2d 399 (N.D. 1972). A proximate cause is a cause which, in natural and continuous sequence, produces the injury and without which the injury would not have occurred. *Reems v. St. Joseph's Hospital & Health Center,* 536 N.W.2d 666 (N.D.1995). Whether a breach of a duty is the proximate cause of an injury depends on the facts and circumstances of each case and is a question of fact for the trier of fact. *Keyes v. Amundson,* 391 N.W.2d 602 (N.D. 1986).

In its memorandum opinion, the trial court determined, as a matter of law, that Rued's inappropriate dealing with Aetna was the sole proximate cause of its damages:

"Though BNS did not procure general liability insurance for Smith, this fact was not the basis for Rued's indemnification of Aetna. Instead, it was Rued's own conduct which was the sole cause of its liability to Aetna.

\* \* \* \* \* \*

"Rued had ample opportunity, exclusive authority, and sole control to take steps to avoid liability to Aetna. Rued should have sent copies of the Certificates of Insurance to Aetna and properly cancelled the Aetna policy. While Rued has suffered damages, the reason it has is because of its own failures. The failure of BNS to procure insurance had nothing to do with Rued's own failure to communicate with Aetna, send Certificates of Insurance to Aetna, nor cancel in writing Aetna's policy to Smith.

"In the final analysis, Rued's liability originates from its own failures to act."

 The court concluded Rued's inappropriate conduct in dealing with Aetna was not a foreseeable or natural consequence of BNS's failure to procure other coverage for Smith. We disagree. The negligence or other wrongful conduct of two or more persons may contribute concurrently as the proximate causes of an injury, and to be a proximate cause of an injury one's conduct need not be the last cause nor the sole cause of the injury. *Jones v. Ahlberg*, 489 N.W.2d 576 (N.D.1992).

 For purposes of this motion BNS has conceded it assumed a duty, upon Rued's request, to secure insurance for Rued's client Smith. BNS also concedes it breached that duty. If BNS had not breached, but instead had found a special risk carrier to insure Smith, there is at least a factual issue whether Aetna would have remained a primary or secondary insurer or, possibly, would have terminated its insurance coverage, entirely. All favorable inferences must be given to the party opposing the motion for summary judgment. *Matter of Estate of Otto*, 494 N.W.2d 169 (N.D.1992). Viewing the facts in a light most favorable to Rued, we believe

the factfinder could conclude that "but for" BNS's failure to find another insurance carrier Aetna would not have incurred liability to Smith and, therefore, Rued would not have incurred liability to indemnify Aetna.

 The existence of proximate cause is a fact question unless the evidence is such that reasonable minds can draw but one conclusion. *Bjorgen v. Kinsey*, 466 N.W.2d 553 (N.D.1991). We disagree with the trial court's conclusion that the factfinder could only conclude, under these circumstances, that BNS's breach of duty was not a proximate cause of Rued's damages. There being a triable issue of fact, the trial court abused its discretion in granting a summary judgment dismissal.

We reverse the summary judgment dismissal and remand for a trial on the merits.

MESCHKE, LEVINE, NEUMANN and SANDSTROM, JJ., concur.