2008 ND 205

Darlene HALVORSON, Plaintiff and Appellant

v.

SENTRY INSURANCE a Mutual Company, Defendant and Appellee.

No. 20080133.

Supreme Court of North Dakota.

Nov. 19, 2008.

Scott A. Hager, Pagel Weikum Law Firm, Bismarck, ND, for plaintiff and appellant.

Zachary E. Pelham (argued) and Larry L. Boschee (on brief), Pearce & Durick, Bismarck, ND, for defendant and appellee.

SANDSTROM, Justice.

[¶ 1] Darlene Halvorson appeals a district court summary judgment dismissing her breach-of-contract lawsuit for no-fault benefits from Sentry Insurance. We affirm, concluding the district court did not err in granting Sentry's summary judgment motion.

I

[¶ 2] Halvorson was in an automobile accident on June 21, 2005, when she was a passenger in a Bottineau Good Samaritan Center van insured by Sentry Insurance. The accident occurred when another vehicle failed to yield while turning at an intersection, striking the van in which Halvorson was traveling. Immediately after the accident, Halvorson did not request any medical assistance; she said she had no injuries. On July 23, 2005, Halvorson sought medical care, reporting back pain and "pain all over" and stating she had been in a car accident in Bottineau and had hurt her muscles. Halvorson sought, but failed, to obtain no-fault insurance benefits from Sentry. She sued for breach of contract to obtain no-fault benefits for her "hip and spine injuries" resulting from the accident. After some discovery, Sentry moved for summary judgment, and a hearing was held in March 2008. Halvorson resisted Sentry's motion, arguing her statements in her medical records provided for a factual dispute and made summary judgment inappropriate. The district court granted Sentry's motion for summary judgment, concluding that Halvorson failed to raise a genuine issue of material fact with respect to the June 2005 accident as the cause of her injuries.

[¶ 3] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal was filed in a timely manner under Rule 4(a), N.D.R.App.P. This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–27–01.

II

[¶ 4] On appeal, Halvorson argues that she does not have to provide Sentry with medical expert testimony in order to survive the summary judgment motion and that, in any event, her statements relating her pain to the June 2005 accident, which are included in her medical records, preclude summary judgment.

[¶ 5] A district court's summary judgment is reviewed anew on the entire record. *Klimple v. Bahl*, 2007 ND 13, ¶ 4,

727 N.W.2d 256. Under Rule 56 of the North Dakota Rules of Civil Procedure, summary judgment is appropriate if there are no disputed issues of material fact or inferences that can reasonably be drawn from undisputed facts, or the only issues to be resolved are questions of law. *Id.*; N.D.R.Civ.P. 56. "The plain language of Rule 56 requires the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of a factual dispute as to an essential element of his claim and on which he will bear the burden of proof at trial." *Pulkrabek v. Sletten,* 557 N.W.2d 225, 226 (N.D.1996) (citations omitted). The party moving for summary judgment bears the burden of showing the lack of genuine issues of material fact and that he or she is entitled to judgment as a matter of law. *Azure v. Belcourt Pub. Sch. Dist.,* 2004 ND 128, ¶ 8, 681 N.W.2d 816. On appeal, we view all evidence in the light most favorable to the nonmoving party and give that party the benefit of all favorable inferences. *Id.* The nonmoving party cannot rely on the pleadings, briefs, speculation or unsupported, conclusory allegations, but must present competent, admissible evidence on an essential element of the claim in the form of an affidavit or other comparable means that raises an issue of material fact; otherwise, it is presumed such evidence does not exist. *Id.*; *Beckler v. Bismarck Pub. Sch. Dist.,* 2006 ND 58, ¶ 7, 711 N.W.2d 172.

### III

■ [¶ 6] Halvorson argues the district court erred in granting summary judgment, because there is a factual dispute and expert medical testimony regarding causation is not required to survive summary judgment in this case. In *Klimple,* 2007 ND 13, ¶ 6, 727 N.W.2d 256, this Court held that when the causal relationship between a condition affecting the human body and a traffic accident is not a matter within the common knowledge or comprehension of a layperson, the party bearing the burden of proof must present expert medical testimony establishing that relationship. According to Halvorson, *Klimple v. Bahl,* 2007 ND 13, 727 N.W.2d 256, is not controlling, because the causal relationship between the accident and her injuries is a matter within the common knowledge or comprehension of a layperson since her injuries are of a type that can logically flow from a vehicle accident.

■ [¶ 7] To succeed in a no-fault insurance benefits claim, the plaintiff must prove that her injuries qualify as "accidental bodily injury," which is injury "arising out of the operation of a motor vehicle ... and which is accidental as to the person claiming basic or optional excess no-fault benefits." N.D.C.C. § 26.1–41–01(1). Even if we were to agree that *Klimple* is distinguishable, the record still supports the summary judgment. Halvorson has failed to meet her burden of presenting competent evidence linking her injuries to the June 2005 accident. She points to her statements in the so-called medical records as adequately establishing a factual dispute about whether the June 2005 accident is the cause of her injuries.

[¶ 8] Rule 56, N.D.R.Civ.P., clearly delineates the type of evidence a nonmoving party must put forth in order to survive a summary judgment motion. Here, the record contains no affidavit from Halvorson or any other competent evidence describing the type of injuries she received from the accident or showing that her injuries arose out of her occupying the Bottineau Good Samaritan Center's van at the time of the accident. Nor does the record contain any medical bills for economic loss—the only type of loss compensated under the North Dakota no-fault

insurance law according to N.D.C.C. § 26.1–41–06—attributable to her injuries allegedly sustained in the accident. Despite Sentry's several requests during discovery and Halvorson's long list of medical care providers on whom she intended to rely at trial, she has not presented any competent evidence establishing a causal link between her injuries and the June 2005 accident. The medical records on which Halvorson relies lack any supporting foundation. Therefore, her reliance on these documents for summary judgment purposes is misplaced. Records offered without proper foundation fail to meet the requirements in Rule 56 of the North Dakota Rules of Civil Procedure.

[¶ 9] Under North Dakota's no-fault insurance law, Halvorson bears the burden of proving her injuries arose out of the operation of a motor vehicle. N.D.C.C. § 26.1–41–06. As the nonmoving party for summary judgment, she cannot rest on mere unsupported, conclusory allegations but must present competent evidence to survive a summary judgment motion. *Azure v. Belcourt Pub. Sch. Dist.*, 2004 ND 128, ¶ 8, 681 N.W.2d 816. Halvorson has thus failed to meet her burden of presenting competent evidence establishing a causal connection between her injuries and the June 2005 accident. "When a nonmoving party does not bring forward any evidence on an element of the claim, we assume no evidence exists to support the element." *Beckler v. Bismarck Pub. Sch. Dist.*, 2006 ND 58, ¶ 13, 711 N.W.2d 172. We conclude the district court did not err in granting summary judgment dismissing Halvorson's action against Sentry for breach of contract for no-fault benefits.

IV

[¶ 10] We affirm the district court summary judgment.

[¶ 11] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.